NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALTON GEORGE LEWIS, AKA Anthony Chattman,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.   15-72817

Agency No. A097-344-232

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Alton George Lewis, a native and citizen of Jamaica, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

withholding of removal and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

We do not consider the materials Lewis references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Substantial evidence supports the agency's determination that the past harm Lewis suffered from a gang in Jamaica did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats "constitute[d] harassment rather than persecution."). Substantial evidence also supports the agency's determination that Lewis's fear of future harm from the gang he previously encountered is not objectively reasonable. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (fear not objectively reasonable where the possibility of future harm was too speculative). Thus, Lewis's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Lewis did not show it is more likely than not that he would be tortured by

15-72817

or with the consent or acquiescence of the Jamaican government. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED**.